IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GALEN W. HUTCHESON                                            PLAINTIFF

v.                      CIVIL NO. 04-3061

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff Galen W. Hutcheson brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on January 10, 2003, alleging an inability to work since December 23, 2002, due to a heart attack with decreased cardiac functioning. For DIB purposes, plaintiff maintained insured status through December 31, 2003. (Tr. 21). An administrative hearing was held on March 2, 2004. (Tr. 25-67). Plaintiff was present and represented by counsel.

By written decision dated May 25, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 22). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 22). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform a full range of light work. (Tr. 22). The ALJ, with the use of vocational expert testimony found plaintiff is able to perform his past relevant work as a physician.

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision by the Appeals Council was denied on August 12, 2004. (Tr. 6-9). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. #'s 5,6).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALL's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALL, the decision of the ALL must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory

2

diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)©). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

Of particular concern to the undersigned, is the ALL's RFC determination. The ALL has a duty to fully and fairly develop the record. *Snead v. Barnhart,* 360 F.3d 834, 836-37 (8th Cir.2004). It is incumbent upon the ALL to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about his abilities. To properly determine a claimant's RFC, an ALL is "required to consider at least some supporting evidence from a [medical] professional" *See Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). The ALL is free to disregard a treating/examining physician; however, he must have some professional medical evidence to support the RFC determination.

In the present case, the medical record reveals plaintiff experienced a heart attack in December of 2002. (Tr. 155-183). Follow-up treatment notes reveal plaintiff's blood pressure was under good control and that plaintiff was not experiencing chest pain. These follow-up notes also reveal plaintiff's on-going complaints of shortness of breath with exertion and fatigue. (Tr. 189, 195-196, 217, 219, 222). Plaintiff underwent a cardiolite stress test in May of 2003 which revealed evidence of an anterior apcial

wall myocardial infarction with moderately severe ischemic cardiomyopathy with no evidence of any provocable ischemia. (Tr. 184-185). The ALJ acknowledged that plaintiff complained of shortness of breath upon exertion and fatigue to his treating physicians; however, the ALJ discounted these complaints finding plaintiff could perform a full range of light work. In support of this determination the ALJ points to the medical records that reveal plaintiff's blood pressure was well controlled and plaintiff denied experiencing chest pain.

The ALJ is free to discount plaintiff's subject complaints of shortness of breath and fatigue if these complaints are not supported by the record. A review of the record reveals plaintiff consistently complained of shortness of breath and fatigue and these complaints are consistent with the objective cardiolite stress test that revealed plaintiff has a left ventricle ejection fraction rate of 37%.[1] (Tr. 184). When the heart muscle has been damaged it is harder for the heart to pump effectively. *http://my.webmd.com/hw/health_guide_atoz/sth123766.asp?navbar=hw212692*. Symptoms of heart failure include shortness of breath at rest, with mild exertion, while lying down or that wakes a person from sleep; leg swelling; fatigue; and dizziness or fainting. *Id.* We are troubled by the ALJ's failure analyze the direct effect plaintiff's documented complaints of shortness of breath and fatigue imposed on his ability to perform activities of daily living and the documented support he used to discount these complaints. Based on the record as a whole we do not find substantial evidence to support the ALJ's determination that plaintiff is able to perform a full range of light work.

We believe remand is warranted so that the ALL can more fully and fairly develop the record. On remand, the ALJ is directed to address interrogatories to plaintiff's treating physicians, including Drs. Michael J. Camp and Lisa Bishop, asking them to review plaintiff's medical records, complete an RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective

---

[1] A heart's ejection fraction is the amount of blood pumped out of a ventricle during a heartbeat. The ejection fraction evaluates how well the heart is pumping. *http://my.webmd.com/content/pages/9/1675_57847.htm*. A normal ejection fraction is more than 55% of the blood volume. *http://my.webmd.com/hw/health_guide_atoz/ug1391.asp?navbar=hw212692.*

AO72A
(Rev. 8/82)

basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). The ALJ should also specifically request that the above physicians discuss what impact stress would have on plaintiff's ability to function. The ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis plaintiff's condition and level of pain, and complete a medical assessment of plaintiff's ability to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917. With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

If after proper review of an adequately developed record, the ALJ finds that plaintiff cannot return to his past relevant work, the burden will shift to the Commissioner to prove the existence of other jobs in the national economy that plaintiff can perform. *Sells v. Shalala,* 48 F.3d 1044 (8th Cir. 1995).

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991).

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the Commissioner and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 22nd day of September 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

5

AO72A
(Rev. 8/82)